## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ISAAC MORRIS, | :: | HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| WARDEN ALLEN CARTER, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:13-CV-0899-WSD-RGV |
| | :: | |

### ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner Isaac Morris, an inmate at the Autry State Prison in Pelham, Georgia, has filed this 28 U.S.C. § 2254 petition to challenge his April 23, 2008, conviction in the Superior Court of DeKalb County.  [Doc. 1].  The matter is now before the Court on petitioner's application for leave to proceed in forma pauperis ("IFP"), [Doc. 2], and for a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Rule 4").  A review of petitioner's financial affidavit reveals that he currently has insufficient funds to pay the filing fee.  Accordingly, petitioner's IFP application, [Doc. 2], is hereby **GRANTED**. For the reasons stated below, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** under Rule 4.

# I.  LEGAL STANDARDS

Under Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  See also McFarland v. Scott, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when a petition "appears legally insufficient on its face"). The court's power to order summary dismissal of a "legally insufficient" petition is rooted in "the duty of the court [under 28 U.S.C. § 2243] to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."   28 U.S.C. foll. § 2254, Rule 4 Advisory Committee's Note.

A district court may not grant a habeas corpus petition unless it appears that either (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant."   28 U.S.C. § 2254(b)(1)(A)-(B); see also Cook v. Florida Parole and Probation Comm'n, 749 F.2d 678, 680 (11th Cir. 1985) (per curiam) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief.").  A petitioner "shall not be deemed to have

2

exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented."   28 U.S.C. § 2254(c).  Before seeking federal habeas corpus relief, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  In order to fully exhaust his state court remedies, a state habeas corpus petitioner must seek a certificate of probable cause from the Supreme Court of Georgia after the denial of a state habeas corpus petition.   Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) (per curiam) (citing O.C.G.A. § 9-14-52).

## II.  DISCUSSION

Petitioner states that a jury convicted him of involuntary manslaughter, and the court sentenced him to ten years of imprisonment on April 23, 2008.  [Doc. 1 at 1]. The Georgia Court of Appeals affirmed petitioner's conviction on June 17, 2011. Morris v. State, 712 S.E.2d 130, 134 (Ga. Ct. App. 2011).  Petitioner asserts that he filed a state habeas corpus petition in the Superior Court of Mitchell County on January 11, 2012, and that the petition remains pending.  [Doc. 1 at 3].  On March 20, 2013, petitioner filed the instant petition, raising the same grounds for relief that are currently pending in his state habeas petition.  [Id. at 3-4, 7-9].

3

"To allow simultaneous federal and state habeas proceedings would offend the principles of comity that form the basis for the exhaustion requirement." Brown v. Walker, No. 1:09-cv-2534-WSD, 2010 WL 3516820, at *1 (N.D. Ga. Aug. 31, 2010) (citing Horowitz v. Wainwright, 709 F.2d 1403, 1404 (11th Cir. 1983) (per curiam)). Although petitioner contends that a "miscarriage of justice [is] being prolonged by delay on the part of the State," it appears that his state habeas petition is moving forward, as evidenced by the fact that plaintiff submitted a brief in support of his amended state habeas petition on November 22, 2012. [Doc. 1 at 5, 42-75]. Thus, petitioner cannot show that the state court's approximate one year and two month delay in ruling on his habeas petition has rendered that process ineffective. See Hughes v. Stafford, 780 F.2d 1580, 1581-82 (11th Cir. 1986) (per curiam) (refusing to waive exhaustion despite eight-year delay). Moreover, should the state court fail to timely rule on petitioner's habeas petition, "Georgia law allows him to seek a writ of mandamus, compelling the superior court to rule on his state habeas petition." Jackson v. Walker, 206 F. App'x 967, 969 (11th Cir. 2006) (per curiam). Because petitioner has admittedly not exhausted his available state remedies and has not shown that state process is ineffective to protect his rights, this habeas action is due to be dismissed without prejudice for failure to exhaust available state court remedies. See 28 U.S.C. § 2254(b)(1); O'Sullivan, 526 U.S. at 845; Brown v. Walker, 2010 WL 3516820, at

4

*1 (dismissing state prisoner's federal habeas petition without prejudice for lack of exhaustion where the state court had not yet ruled on petitioner's state habeas petition, which had been pending for nearly four years).

### III.   CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."   Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."   A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."   Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

Where, as here, a habeas petition is denied on procedural grounds without reaching the prisoner's underlying constitutional claim, "a certificate of appealability

should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 118 n.3 (2009) (internal quotations marks omitted) (citing <u>Slack</u>, 529 U.S. at 484). Because petitioner cannot show that reasonable jurists could debate the dismissal of this habeas action for lack of exhaustion, he should be denied a COA.

## IV. CONCLUSION

For the reasons set forth above, petitioner's IFP application, [Doc. 2], is **GRANTED**, and **IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO ORDERED AND RECOMMENDED** this 18th day of April, 2013.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)