IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ISSAC MORRIS,

          Petitioner,

v.                                                        1:13-cv-0899-WSD

WARDEN ALLEN CARTER,

          Respondent.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation ("R&R) [3] and on Petitioner Issac Morris's ("Petitioner") Motions for Leave to File an Amended Petition [8], [11].

### I.   BACKGROUND

On March 20, 2013, Petitioner filed a 28 U.S.C § 2254 habeas petition challenging his April 23, 2008, conviction for involuntary manslaughter in the Superior Court of DeKalb County. On April 18, 2013, the Magistrate Judge granted Petitioner's motion to proceed *in forma pauperis*, but recommended that the petition for habeas relief be dismissed without prejudice because Petitioner did not exhaust his state court remedies. On May 2, 2013, Petitioner filed objections to the Magistrate Judge's R&R and on May 31, 2013, Petitioner moved for leave to

file an amended petition.

## II. DISCUSSION

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal citations omitted).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). In light of Petitioner's objections, the Court conducts a *de novo* review of Petitioner's request for habeas relief under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4").

A.  Legal Standards

Under Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." A district court may not grant a habeas relief unless (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant." A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Finally, A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To fully exhaust his state court remedies, a state habeas corpus petitioner must seek a certificate of probable cause from the Supreme Court of Georgia after the denial of a state habeas corpus petition. Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) (*per curiam*) (*citing* O.C.G.A. § 9-14-52).

B.  Analysis

As noted by the Magistrate Judge, Petitioner's 2008 conviction for

involuntary manslaughter was affirmed by the Georgia Court of Appeals on June 17, 2011. Morris v. State, 712 S.E.2d 130, 134 (Ga. Ct. App. 2011). On January 11, 2012, Petitioner filed a state habeas petition in the Superior Court of Mitchell County. Petitioner raises in his federal habeas petition the same grounds for relief that he raised in his state petition. The Magistrate Judge correctly observed that "[t]o allow simultaneous federal and state habeas proceedings would offend the principles of comity that form the basis for the exhaustion requirement." Brown v. Walker, No. 1:09-cv-2534-WSD, 2010 WL 3516820, at *1 (N.D. Ga. Aug. 31, 2010) (*citing* Horowitz v. Wainwright, 709 F.2d 1403, 1404 (11th Cir. 1983) (*per curiam*)).

In his objections to the R&R, Petitioner observes that the state court has yet to rule on his state habeas petition and argues that this delay of more than a year is an unreasonable miscarriage of justice that warrants federal relief. "State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief." Cook v. Florida Parole and Probation Comm'n, 749 F.2d 678, 680 (11th Cir. 1985) (per curium). The Magistrate Judge observed that Petitioner filed a brief in support of his state petition as recently as November 22, 2012, and the delay is not as prolonged as Petitioner asserts. In any

event, our Circuit has refused to waive the exhaustion requirement even in a case involving a delay of eight years.  See Hughes v. Stafford, 780 F.2d 1580, 1581 – 82 (11th Cir. 1986) (*per curium*).  While the circumstances in Hughes were unusual, the Court is not here inclined to find that the delay in this case rises to a level that would excuse Petitioner from exhausting all available remedies at the state level.  See also Cook, 749 F. 2d at 680 (declining to waive exhaustion requirement after a one year delay due to a clerical error) ("Save for an initial one year delay allegedly resulting from a clerical error, the state's delay in ruling on Cook's motion cannot be deemed unreasonable or unjustified. The state is not merely dragging its feet, but is trying to hold a fair hearing on the motion.").  The most appropriate course for Petitioner to challenge an unreasonable or abusive delay in the processing of his state habeas petition is to seek a writ of mandamus in the Georgia courts to compel the state habeas judge to rule on the petition.  See Jackson v. Walker, 206 F. App'x 967, 969 (11th Cir. 2006) (*per curium*).  This Court is not the proper forum now to apply for relief regarding the length of time to process Petitioner's state habeas petition.

     Petitioner next argues that, under rules that apply in Georgia courts, he was entitled to a ruling on his state habeas petition within ninety days of filing, and that when a state court fails to follow its own procedural rules, federal habeas review is

not precluded. Petitioner mistakenly relies on Peoples v. Campbell, 377 F.3d 1208, 1235 (11th Cir. 2004), for this proposition. In Peoples, the Circuit merely observed that when a state court declines to rely on a *petitioner's* procedural default and instead proceeds to consider a claim that had in fact been waived, a federal court may not subsequently invoke that default to bar federal habeas review. Id. Peoples does not support Petitioner's argument that a state court's failure to comply with its own procedural rules relieves a habeas petition of the obligation first to exhaust his state remedies before seeking federal review.

Because Petitioner has not exhausted his state court remedies, this federal habeas action is required to be dismissed. The Court also agrees with the Magistrate Judge that a certificate of appealability should not be granted in this case because Petitioner cannot show that reasonable jurists would debate the dismissal of this habeas action for lack of exhaustion.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** Magistrate Judge Russell G. Vineyard's Final Report and Recommendation ("R&R) [3].

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** and that a Certificate of Appealablility is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motions for Leave to File Amended Petitions [8], [11] are **DENIED AS MOOT**.

**SO ORDERED** this 27th day of September, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE