IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ISSAC MORRIS,

          Petitioner,

v.

WARDEN ALLEN CARTER,

          Respondent.

1:13-cv-899-WSD

## OPINION AND ORDER

This matter is before the Court on Petitioner's "Motion to Alter or Amend Judgment Pursuant to Federal Rules of Civil Procedure Rule 59(e)" [14] and "Motion[s] in Request for Traverse" [17, 18]. The Court construes these filings as Motions for Reconsideration of the Court's September 27, 2013, Order [12] dismissing this action without prejudice.

**I.     BACKGROUND**

On March 20, 2013, Petitioner Issac Morris ("Petitioner"), an inmate at the Autry State Prison in Pelham, Georgia, proceeding *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2254 (the "Petition"), challenging his April 23, 2008, conviction for involuntary manslaughter in the Superior Court of DeKalb

County.[1]

On April 18, 2013, the Magistrate Judge issued his R&R after reviewing the Petition under Rule 4 of the Rules Governing Section 2254 Cases.  The Magistrate Judge recommended that the Petition be dismissed without prejudice because Petitioner did not exhaust his state court remedies.  On May 2, 2013, Petitioner filed objections to the Magistrate Judge's R&R.  In his objections, Petitioner asserted that the state court did not rule on his state habeas petition and argued that this delay of more than one year was an unreasonable miscarriage of justice that warrants federal relief.

On September 27, 2013, the Court adopted the Magistrate Judge's R&R and dismissed the Petition without prejudice because Petitioner did not exhaust his state court remedies.  The Court held that the delay did not rise to a level to excuse Petitioner from exhausting his remedies at the state level, and that "the most appropriate course for Petitioner to challenge an unreasonable or abusive delay in the processing of his state habeas petition is to seek a writ of mandamus in the

---

[1]   On June 17, 2011, the Georgia Court of Appeals affirmed Petitioner's 2008 conviction for involuntary manslaughter.  See Morris v. State, 712 S.E.2d 130, 134 (Ga. Ct. App. 2011).  On January 11, 2012, Petitioner filed a state habeas petition in the Superior Court of Mitchell County.  In the Petition, Petitioner raised the same grounds for relief that he raised in his state petition.

Georgia courts to compel the state habeas judge to rule on the petition." (See [12] at 5).

On October 21, 2013, Petitioner filed his "Motion to Alter or Amend Judgment Pursuant to Federal Rules of Civil Procedure Rule 59(e)" [14]. On April 17, 2014, and again on April 23, 2014, Petitioner filed his "Motion[s] for Request in Traverse Pursuant to 28 U.S.C. § 2243" [17, 18]. Although largely incomprehensible, construing his *pro se* filings liberally and as a whole, Petitioner appears to challenge the Court's September 27, 2013, Order on the grounds that "for 5 of almost 7 years [P]etitioner has been continuously litigating against his unconstitutional confinement," (see [14] at 2), and "[i]f a fourteen-month delay (absent good reason) were [sic] routinely permissible, the function of the great writ would be eviscerated." (See [18] at 1). Petitioner "prays this honorable Court will order and schedule a traverse—expeditiously." (Id.).

**II.  DISCUSSION**

    A.  Legal Standard

"A motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)." Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993). The Court

does not reconsider its orders as a matter of routine practice.  LR 7.2 E., NDGa.  The Court's Local Rules require the parties to file motions for reconsideration "within twenty-eight (28) days after entry of the order or judgment."  Id.

Petitioner seeks reconsideration pursuant to Rule 59(e).  Motions for reconsideration under Rule 59(e) are appropriate only where there is newly-discovered evidence[2] or a need to correct a manifest error of law or fact.  See Hood v. Perdue, 300 F. App'x 699, 700 (11th Cir. 2008) (citing Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996)); Arthur, 500 F.3d at 1343 ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."); Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999).[3]

---

[2]   Evidence that could have been discovered and presented on the previously-filed motion is not newly discovered.  See Arthur v. King, 500 F.3d 1335, 1343-44 (11th Cir. 2007); see also Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) ("We join those circuits in holding that where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.").

[3]   Motions for reconsideration under Rule 60(b) are appropriate only where there is "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, a void judgment, or a judgment that has been satisfied or is no longer applicable.  Fed. R. Civ. P. 60(b).

A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion.  See Arthur, 500 F.3d at 1343; O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Jones v. S. Pan Servs., 450 F. App'x 860, 863 (11th Cir. 2012) ("A motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment."); Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").  Whether to grant a motion for reconsideration is within the sound discretion of the district court.  See Region 8, 993 F.2d at 806.

B.   Analysis

The Court dismissed Petitioner's action because he has not exhausted his state court remedies.[4]  "To allow simultaneous federal and state habeas

---

[4] Under Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  A district court may not grant habeas relief unless (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) circumstances

proceedings would offend the principles of comity that form the basis for the exhaustion requirement." Brown v.Walker, No. 1:09-cv-2534-WSD, 2010 WL 3516820, at *1 (N.D. Ga. Aug. 31, 2010) (citing Horowitz v. Wainwright, 709 F.2d 1403, 1404 (11th Cir. 1983) (per curiam)).

In his Motion for Reconsideration, Petitioner appears to challenge, as he has before, that a delay of "5 of almost 7 years [where] Petitioner has been continuously litigating against his unconstitutional confinement" constitutes an abusive delay in the processing of his state habeas petition. (See [14] at 2).

"A federal habeas petitioner need not wait until his state petition[] for relief [is] exhausted, if the state court has unreasonably or without explanation failed to address [the] petition[] for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991), cert. denied, 503 U.S. 938 (1992). There is no single standard for evaluating what constitutes an unreasonable delay. See id. The Eleventh Circuit has held that even past lengthy delays may be justifiable if the State is currently

---

exist that render such process ineffective to protect the rights of the applicant." A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Finally, a petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. To fully exhaust his state court remedies, a state habeas corpus petitioner must seek a certificate of probable cause from the Supreme Court of Georgia after the denial of a state habeas corpus petition. Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) (per curiam) (citing O.C.G.A. § 9-14-52).

"moving forward" with the petitioner's state proceedings.  See, e.g., Slater v. Chatman, 147 F. App'x 959, 960 (11th Cir. 2005) (affirming dismissal for failure to exhaust state remedies because, although there was "some question as to why it would take 14 months to appoint [appellate] counsel" for petitioner, his direct appeal appeared to be "moving forward" in state court); see also Tabatabee v. Barrow, No. 2:12-CV-00150-RWS-JCF, 2012 WL 7018193, at *3 (N.D. Ga. Dec. 10, 2012) (citing Rheuark v. Wade, 540 F.2d 1282, 1283 (5th Cir. 1976)) ("Eleventh Circuit precedent recognizes that "an inordinate and unjustified delay in the state corrective process may well result in the frustration of petitioner's rights and be such a circumstance as to render that process ineffective."); id., 2012 WL 7018193, at *5 (citing Slater, 147 F. App'x at 960) (finding that "the passage of time does not excuse [petitioner's] failure to exhaust his state court remedies fully before filing [his] federal habeas petition" when his state habeas petitions appeared to be "moving forward").

    In Hughes v. Stafford, after the state court conducted a hearing on the petition for habeas corpus, the "proceeding apparently lay dormant" for eight (8) years until the petitioner moved the state court to act on his petition.  780 F.2d 1580, 1581-82 (11th Cir. 1986).  The state court then "promptly" denied the petition on the merits, and, rather than seek review by the Georgia Supreme Court,

7

the petitioner filed his petition for federal habeas relief. Although the court agreed that "the eight-year delay in the state's ruling on [the] habeas corpus petition should not have occurred," the court found that "the state court nonetheless acted on the merits with prompt speed when [the petitioner] asked for a ruling." Id. at 1582. On that basis, "there [was] nothing to indicate [the petitioner] would not have received an expeditious handling of his case by the Georgia Supreme Court [and] the district court properly dismissed, without prejudice, [the] habeas corpus petition for failure to exhaust state remedies." Id.

    Here, Petitioner's claim of a five-year delay is based on the total length of time between his April 23, 2008, conviction and the March 20, 2013, filing of his Petition in this action. The Georgia Court of Appeals affirmed Petitioner's conviction on June 17, 2011. On January 11, 2012, Petitioner filed his state habeas petition. On September 10, 2012, the state court conducted an evidentiary hearing on his petition, and Petitioner filed a brief in support of his state habeas petition as recently as November 22, 2012. While the three-year period between his conviction and denial of his appeal is unexplained, the current delay is not as prolonged as Petitioner asserts and it appears that Petitioner's state proceedings are "moving forward." On the facts presented here, the Court finds that the fourteen (14) month period between the filing of Petitioner's January 11, 2012, state habeas

petition, and his March 20, 2013, federal habeas petition—during which time the state court conducted an evidentiary hearing and Petitioner later submitted additional briefing—is not an unreasonable delay and does not rise to the level required to excuse Petitioner from exhausting the remedies available at the state level.  See Slater, 147 F. App'x at 960 (affirming dismissal for failure to exhaust state remedies because, although there was "some question as to why it would take 14 months to appoint [appellate] counsel" for petitioner, his direct appeal now appeared to be "moving forward" in state court); see also Hughes, 780 F.2d 1580 ("Although the eight-year delay in the state's ruling on [the] habeas corpus petition should not have occurred, the state court nonetheless acted on the merits with prompt speed when [the petitioner] asked for a ruling and there [was] nothing to indicate [the petitioner] would not have received an expeditious handling of his case by the Georgia Supreme Court.").

    In its September 27, 2013, Order, the Court also stated that "the most appropriate course [for Petitioner] to challenge an unreasonable or abusive delay in the processing of his state habeas petition is to *seek a writ of mandamus in the Georgia courts . . . .*"  ([12] at 5) (emphasis added).  In his Motions, Petitioner does not assert, and it does not appear, that he has done so.  Because Georgia law allows him to seek a writ of mandamus to compel the superior court to rule on his state

habeas petition, Petitioner has not exhausted all state remedies available to him and his Petition is required to be dismissed for this additional reason.  See, e.g., Jackson v. Walker, 206 F. App'x 967, 969 (11th Cir. 2006) (affirming dismissal without prejudice for failure to exhaust state remedies where state habeas petition was pending for two years without a ruling, state court had not decided petition within the period required by statute, and petitioner had not sought a writ of mandamus; petitioner had not exhausted all available state remedies because Georgia law allows him to seek a writ of mandamus to compel state court ruling on his habeas petition).

    In his Motions, Petitioner asserts the same arguments that this Court previously considered and dismissed.  Petitioner does not allege the existence of new evidence, or an intervening development, or change in the law.  Petitioner has not presented any grounds upon which to support granting him relief from the Court's September 27, 2013, Order.  Petitioner has not exhausted his remedies in state court and this Court is not the proper forum for Petitioner to seek relief regarding the alleged delay in processing his state habeas petition.[5]  For these

---

[5]    To the extent Petitioner's filings here could be construed as seeking relief from this Court to compel a decision on his state habeas petition, "[f]ederal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought."  See Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007)

10

reasons, Petitioner's Motions for Reconsideration are required to be denied.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Issac Morris's "Motion to Alter or Amend Judgment Pursuant to Federal Rules of Civil Procedure Rule 59(e)" [14] and Motions in Request for Traverse [17, 18] are **DENIED**.

**SO ORDERED** this 1st day of August, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

(citing 28 U.S.C. § 1361 & Moye v. Clerk, DeKalb Cnty. Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973))